BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 17 1972

IN RE AIR CRASH DISASTER AT        )
JUNEAU, ALASKA ON SEPTEMBER 4,     )        DOCKET NO. 107
1971                               )

PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF
THE PANEL

PER CURIAM

One hundred and four passengers and seven crew
members died in the crash of an Alaska Airlines  air-
craft near Juneau, Alaska in 1971.  Six actions arising
from the accident have been filed in the Northern Dis-
trict of California, one in the District of Alaska and
one in the Western District of Washington.  More than
30 other actions arising from the accident are pending
in the state courts of Washington and Alaska.

The United States has moved for the transfer of
all federal actions to the District of Alaska for
coordinated or consolidated pretrial proceedings pursuant
to 28 U.S.C. §1407, but because of the history of this
litigation, we think it more appropriate to transfer them
to the Northern District of California for such proceedings.

---

* Although Judges Weinfeld, Robson and Weigel were not present
at the hearing, they have, with the consent of all parties,
participated in this decision.

-2-

The six California actions are assigned to Judge
Peirson Hall.$\underline{1}/$ Judge Hall held a pretrial conference in
February 1972, after notice to representatives of all
decedents, to consider methods of disposing of all claims
arising from the crash. Counsel for all parties in the
federal actions as well as many state court counsel
attended this conference and a stipulation to expedite
consolidated discovery for all cases was discussed. At
subsequent conferences a Plaintiffs' Discovery Committee
was appointed to represent all state and federal plain-
tiffs and a stipulation concerning the use of consolidated
discovery was approved by the court and later circulated
to all plaintiffs and potential plaintiffs with the
recommendation of Plaintiffs' Discovery Committee that
it be executed.

The stipulation provides that discovery on the
liability issue will occur in the Northern District of
California or the district designated transferee dis-
trict by the Panel under 28 U.S.C. §1407. Discovery
obtained by this manner may be used by a party to the
stipulation in any forum. Discovery in other actions
is stayed by agreement and those who do not sign the

---

$\underline{1}/$ Judge Hall has also been assigned to the other
districts in which actions are pending by the Chief
Judge of the United States Court of Appeals for the
Ninth Circuit.

-3-

stipulation cannot get the benefit of the consolidated discovery effort.  This stipulation has been signed by all defendants except the United States, by all federal plaintiffs and by a number of state court plaintiffs.

Pursuant to the stipulation, Plaintiffs' Discovery Committee has completed document discovery from Alaska Airlines and has begun depositions.  Judge Hall has also heard and granted a petition to perpetuate testimony as to the United States and the United States is now producing documents to the plaintiffs.  All of this has taken place under the supervision of the Northern District of California court.  Discovery in the other cases has been stayed by the stipulation.

There is no disagreement among the parties concerning the need for transfer of all federal actions to a single district and we think transfer is clearly warranted under 28 U.S.C. §1407 for the convenience of the parties and witnesses and the just and efficient conduct of the litigation.  In re Tweed-New Haven Air Disaster, ____ F. Supp. ____ (J.P.M.L. 1972).  Under Judge Hall's guidance the parties have achieved maximum informal coordination of their actions, but transfer to a single district will make such coordination more effective.

-4-

The only dispute concerns the selection of the transferee district.  The United States requests transfer to Alaska because the crash occurred there and electronic equipment and personnel involved in the events surrounding the crash are there.  Every other party to the litigation, plaintiff and defendant, prefers transfer to the Northern District of California.  In opposing transfer to Alaska, they note that there are no eyewitnesses to the crash and that all witnesses likely to be called are the agents and employees of the defendants and have already submitted to some examination by the plaintiffs or by the National Transportation Safety Board outside of Alaska.  In support of the Northern District of California, they refer to the progress made in that district in securing the stipulation and in commencing consolidated discovery.

Although the fact of Judge Hall's intracircuit assignment to all districts makes the choice of transferee district less significant, we think the parties should be allowed to continue in the district in which they have accomplished all of their discovery.  The considerations argued by the United States in favor of Alaska have been effectively rebutted by the other parties and the past history of the litigation clearly requires that all cases be transferred to the Northern District of California.

-5-

IT IS THEREFORE ORDERED that the actions listed
on the attached Schedule A be, and the same hereby are,
transferred to the Northern District of California and,
with the consent of that court, are hereby assigned to
the Honorable Peirson Hall for coordinated or consolidated
pretrial proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A                                          DOCKET NO. 107

### NORTHERN DISTRICT OF CALIFORNIA

Ali Aunalla, etc. v. Alaska Airlines,     Civil Action
et al.                                    No. C-71-2363-PMH

William A. Parsons, etc. v. Alaska        Civil Action
Airlines                                  No. C-72-546-PMH

Larry A. Peak, v. Alaska Airlines         Civil Action
                                          No. C-71-1918-PMH

Juanita Hartland v. Alaska Air-           Civil Action
lines, et al.                             No. C-71-1730-PMH

Patricia Hartland v. Alasak Air-          Civil Action
lines, et al.                             No. C-71-1729-PMH

Tracy Christine Hartland v. Alaska        Civil Action
Airlines, et al.                          No. C-71-1861-PMH

### DISTRICT OF ALASKA

Robert E. Roghberger, Sr., etc. v.        Civil Action
Alaska Airlines, Inc., et al.             No. J-4-72

### WESTERN DISTRICT OF WASHINGTON

Cheryl Ellen Null v. United States        Civil Action
of America                                No. 390-72C2